UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY SIMPSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-01314 AGF |
| | ) | |
| JANSSEN PHARMACEUTICALS, INC., | ) | |
| f/k/a/ ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This removed pharmaceutical products liability case is before the Court on Plaintiffs' motion to remand the action to state court. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

Seventy-six Plaintiffs from 31 different states, including Missouri, New Jersey, and Pennsylvania, filed this action in Missouri state court, claiming that they or their next friend suffered various injuries as a result of the use of the antipsychotic drug Risperdal that was allegedly developed, manufactured, tested, sold, and/or marketed by the four named Defendants. The amended complaint asserts numerous Missouri state law causes of action, such as negligence and strict product liability/failure to warn. Defendants are citizens of Pennsylvania and/or New Jersey.

The amended complaint asserts that the Missouri court has jurisdiction over each Defendant because each had engaged in continuous and systematic business in Missouri.

The amended complaint further states that the joinder of the 76 Plaintiffs was proper because they claim injuries and damages from ingesting the same drug, and common questions of law and fact would arise.

On April 13, 2017, Defendants timely removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants maintained that there was complete diversity among all "properly joined" parties and that the amount in controversy exceeded $75,000. Defendants acknowledged that some Plaintiffs were residents of Pennsylvania and some were residents of New Jersey, thereby defeating complete diversity as required by § 1332, but Defendants maintained that the citizenship of all non-Missouri Plaintiffs should be disregarded because their claims were fraudulently joined in that these Plaintiffs cannot establish personal jurisdiction over any Defendant in any court in Missouri. Defendants emphasized that the removal did not rely on the fraudulent *mis*joinder doctrine. ECF No. 1 at ¶ 8.

On the same day that they removed the case, Defendants moved to dismiss the claims of the non-Missouri Plaintiffs for lack of personal jurisdiction, and/or dismiss the complaint for failure to state a claim, or order Plaintiffs to file a more definite statement. On April 20, 2015, Plaintiffs timely moved to remand the case. In support of their motion to remand, Plaintiffs cite to recent Risperdal cases from this District that, in contexts similar to those presented here, declined to resolve personal jurisdiction arguments in light of the straight-forward subject matter jurisdiction analysis and remanded the cases due to the facial lack of complete diversity. In response, Defendants

reassert their position that the joinder of the non-Missouri Plaintiffs' claims is fraudulent because Missouri courts lack personal jurisdiction over those claims.

## DISCUSSION

This Court recently addressed the arguments presented by the parties here in the context of another Risperdal case involving the same jurisdictional issues as those presented here, *Triplett v. Janssen Pharmaceuticals, Inc*., No. 4:14-CV-02049-AGF (E.D. Mo. July 7, 2015). The Court concluded in *Triplett* that it was appropriate to address subject matter jurisdiction, as presented in the plaintiffs' motion to remand, before addressing the personal jurisdiction arguments presented in the defendants' motion to dismiss. Other courts in this District have so held in Risperdal cases presenting the same jurisdictional issues. *See, e.g.*, *Thomas v. Janssen Pharms., Inc.,* No. 4:17-CV-1298 RWS, Slip Op. at 2 (E.D. Mo. May 2, 2017); *Morgan v. Janssen Pharms., In*c., No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014); *Butler v. Ortho-McNeil-Janssen Pharms., Inc*., No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014).

The Court then held in *Triplett* that the defendants failed to establish fraudulent joinder based on the purported lack of personal jurisdiction. *Triplett*, ECF No. 30 at 7. The Court cited two other recent cases from this District that so held, *Gracey v. Janssen Pharms., Inc*., No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015), and *Simmons v. Sketchers USA, Inc*., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015), as well as several cases from other districts. The Court concluded that because the defendants' theory of fraudulent joinder failed to attack the

merits of the non-diverse plaintiffs' claims, the defendants failed to establish that there is no reasonable basis in fact or law supporting these claims. Therefore, the Court concluded that the defendants failed to satisfy their burden to establish fraudulent joinder, and the Court remanded the case for lack of subject matter jurisdiction due to the lack of complete diversity among the parties, leaving to the state court the question of personal jurisdiction. *Triplett*, ECF No. 30 at 8-10.

Upon review of the record in the present case, including the parties' arguments, the Court will follow the approach taken in *Triplett.*

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand this case to the state court in which it was filed is **GRANTED**. (ECF No. 9.)

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** without prejudice to refiling in state court, as applicable.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2017.

4